Christopher A. Teras (D.C. #222067)
TERAS & WILDE, PLLC
1004 Pennsylvania Avenue, S.E.
Washington, D.C. 20003
202-328-1000

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| REENA RACKI<br>d/b/a Reena Racki Associates<br>5520 Connecticut Avenue, Suite 204<br>Washington, D.C. 20015<br>       *Plaintiff,*<br><br>v.<br><br>MIKE MEIER<br>6525 76th Street<br>Cabin John, MD 20818<br><br>And<br><br>KIMIE NAGATA-MEIER<br>a/k/a KIMIE MEIER<br>6525 76th Street<br>Cabin John, MD 20818<br><br>And<br><br>HENDERSON L. WALKER<br>7600 Georgia Avenue, N.W.<br>Washington, D.C. 20012<br><br>And<br><br>H.L. WALKER & ASSOCIATES, P.C.<br>7600 Georgia Avenue, N.W.<br>Washington, D.C. 20012 | Civil Action No. 1:05-CV-01870 (EGS) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
TO DISMISS PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT
BASED ON *COLORADO RIVER*, AND *YOUNGER/PENNZOIL***

1

Defendants Mike Meier ("Meier"), Kimie Nagata, Henderson Walker and H.L. Walker and Associates, P.C., by and through counsel, hereby respectfully submit this Memorandum of Law addressing why the present action needs to be dismissed based on the rationale of *Colorado River Water Conservation District et al. v. United States*, 424 U.S. 800, 819 (1976), *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987), and *Younger v. Harris*, 401 U.S. 37 (1971).

In brief, litigation involving precisely the same facts has long been pending in the District of Columbia Superior Court, *see Meier v. Racki*, 04ca0099232 (Judge Broderick) (filed on December 3, 2004) (complaint attached hereto as *Exhibit 1*). Reena Racki therein filed an answer and a counterclaim in that case on or about December 28, 2005, pleading therein no copyright claim (counterclaim attached hereto as *Exhibit 2*).

The present action, if permitted to proceed, would result in duplicative legal action. Plaintiff's action should have been part of the pending Superior Court case.

In support of their Motion, Defendants state as follows:

## BACKGROUND

1. In July 2003, Defendants Mike Meier and Kimie Nagata (husband and wife) purchased a town home at 1004 Pennsylvania Avenue, S.E., Washington, D.C. 20003. For the renovation of the town house, Defendants Mike Meier and Kimie Nagata retained Reena Racki and Reena Racki Associates ("Racki"). After many delays, Racki provided rough drawings to obtain a necessary approval from the Board of Historic Preservation in November 2003.

2

2. Racki began billing Defendants Mike Meier and Kimie Nagata in July 2003. By the end of January 2004, Plaintiff had billed Defendants Mike Meier and Kimie Nagata in excess of $86,000 for architectural services. However, Plaintiff never completed any building plans for the necessary permit application.

3. In fact, Racki never delivered any building plans to Mike Meier.

4. At the beginning of February 2004, Mike Meier discharged Racki and subsequently filed an action (*see Exhibit 1*) in the Superior Court for the District of Columbia, claiming breach of contract for architectural services, as well as numerous violations of the *District of Columbia Consumer Protection Act*, D.C. Code § 28-3901, including unfair and deceptive trade practices in the exercise of architectural services.

5. The basis of Meier's Superior Court complaint against Racki is, among other things, that Racki intentionally over-designed the town house renovation, racked up unnecessary billable hours, and misrepresented the condition of the town house and the necessary work.

6. For example, the town house is only 17 foot 4 inches wide. Nevertheless, Racki recommended an elaborate interior steel support structure covering all floors and the basement, requiring steel columns and major steel beams for all floors. That work would have required cutting all floor joists (and shoring up the entire floor) on the main level of the town house in order to set in the steel beams. In addition, the proposed work would have required heavy cranes to

lift the steel beams into the building. However, all that was in fact required was to double various of the wooden floor joists.

7. Furthermore, Racki represented that a demolition permit (for the removal of useless elements in the town house, such as old wall panels) could not be obtained until she had completed all of her plans. Thus, Racki claimed, no work whatsoever could be begun until she had completed her plans (and she never did complete her plans).

8. As a final example of her extravagant design, Racki proposed a total of four air conditioning units (instead of the usual two) to heat and cool the town house.

9. Meier discharged Racki and hired Mr. H.L. Walker as the new architect, and, starting from scratch, he obtained the demolition permit in five business days and the full permit in a mere six weeks.

10. Meier subsequently brought action against Racki in the District of Columbia Superior Court. The facts and circumstances in that pending case are the same in the present copyright infringement action.

11. Therefore, Racki should have filed this claim when she submitted her counter-claim in the above-mentioned action, yet she did not do so.

## ARGUMENT

**A. Under *Colorado* River, the present action should be dismissed because it would lead to unnecessary, duplicative litigation, as there is an action pending in the D.C. Superior Court based on precisely the same events**

12. In *Colorado River*, the U.S. Supreme Court found that dismissal of an action in federal court in favor of state court action may be appropriate based on "considerations of 'wise judicial administration, giving regard to the conservation of resources and comprehensive disposition of litigation.'" 424 U.S. at 817.

13. The factors cited in *Colorado River* include: wise administration of judicial resources, which court first assumed jurisdiction, inconvenience of the federal forum, the desire to avoid piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums. The Court noted that not one factor is necessarily determinative. 424 U.S. at 820.

14. Wise administration of justice requires the present case to be dismissed. This action by Racki would duplicate litigation that has been pending in Superior Court for almost one year. Furthermore, Racki did file a counterclaim for architectural fees in that action that presumably covers the same damages she would be seeking to recover through her supposed copyright claim here.

15. The goal of avoiding needlessly piecemeal litigation argues very strongly in favor of dismissal of the present action, as the pending case in the Superior Court already includes Plaintiff's counterclaim for additional money for architectural services (and thus renders her copyright infringement action redundant).

16. "Separate, parallel proceedings have been recognized as a judicial inconvenience." *Columbia Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620, 626

(D.C. Cir. 1975) ("Sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided.").

17. In determining whether to dismiss a case of concurrent jurisdiction, a federal court may consider such factors as the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained in the concurrent forums. *Colorado River Water Conservation District et al. v. United States*, 424 U.S. 800, 819 (1976). While not one factor is determinative, a court has discretion to dismiss or stay a pending suit in favor of a consolidated action in another forum. *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346 (D.C. Cir. 2003).

18. In this case, the present action and the pending Superior Court action are based on the same facts, the same subject matter, the same transaction, and the same agreement for architectural services.

19. Furthermore, to allow the present matter proceed would encourage other litigants to file such parallel proceedings in the future, thereby clogging the legal system further.

**B. The cautionary factors of *Handy* are inapplicable in this case**

20. *Handy v. Shaw Bransford, Veilleux & Roth*, involved circumstances similar to the present action in that there was a pending District of Columbia Superior Court proceeding followed by the filing of an action in this Court. There, the Court dismissed the subsequent parallel action.

21. The U.S. Court of Appeals for the District of Columbia Circuit reversed, noting three cautionary factors that should have been considered: (i) that the prior Superior Court action had been dismissed by the time the District Court acted; (ii) no substantial proceedings had occurred in Superior Court; and (iii) the effect of the applicable statute of limitations.

22. Examining these factors with respect to the present case: (i) the Superior Court action in this case is ongoing and has been for almost one year; (ii) the proceedings in Superior Court have been substantial, including Plaintiff Racki's counterclaim, Plaintiff Racki's Motion to Strike Expert Testimony, Plaintiff Racki's Motion for Entry Upon Land, Plaintiff Racki's Motion to Compel Discovery, Defendant Meier's Motion to Compel Discovery, Defendants Racki's Motion for Summary Judgment, Plaintiff Meier's Motion in Opposition; etc.; and (iii) the applicable statute of limitations has not yet run (suggesting that dismissal is more appropriate than a stay of the proceedings).

23. Thus, the cautionary factors set forth by the D.C. Circuit do not apply in this case.

**C. Under *Pennzoil* and *Younger*, the present action should be dismissed on abstention grounds**

24. According to *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987), and *Younger v. Harris*, 401 U.S. 37 (1971), the present action should be dismissed. Under the

*Younger/Pennzoil* doctrine of abstention (or equitable restraint), a federal court may dismiss an action when there is a direct conflict between the exercise of federal and state court jurisdiction, and considerations of comity and federalism dictate that the court defer to the state proceedings. *See Younger, 401 U.S. at 43-45*.

25. The U.S. District Court for the District of Columbia has dismissed similar cases on less compelling grounds. For example, in *JMM Corp. v. District of Columbia*, 378 F.3d 1117 (D.C. Cir. 2004), the D.C. Circuit affirmed dismissal of a case on *Younger* grounds where D.C. zoning regulations were implicated and where the Superior Court action was <u>subsequently</u> filed. Here, the Superior Court action involves D.C. consumer protection laws, and was filed almost one year <u>before</u> the present action.

26. For the *Younger/Pennzoil* rule to apply, a three-prong test must be satisfied: first, a federal court may dismiss a federal claim only when there are ongoing state proceedings that are judicial in nature; second, the state proceeding must implicate important state interests; and, third, the proceedings must afford an adequate opportunity to raise the federal claims. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

27. The ongoing proceeding of the District of Columbia Superior Court in *Meier v. Racki* satisfies the first prong of the *Middlesex* test.

28. As for the second prong, the proceeding in the District of Columbia Superior Court involves important state interests because it is based on the *District of Columbia Consumer Protection Procedures Act*. In essence, the claims in that

Superior Court proceeding are based on the District of Columbia consumer protection legislation and involve fraudulent and deceptive acts in providing architectural services. In *JMM Corp. v. District of Columbia*, 378 F.3d 1117 (D.C. Cir. 2004), the D.C. Circuit found D.C. zoning laws sufficient to trigger a *Younger* abstention. Thus, the D.C. *Consumer Protection Procedures Act* certainly qualifies.

29. As for the third prong, the Superior Court proceeding unarguably offered Plaintiff the opportunity to claim copyright infringement as a counterclaim. Instead, Plaintiff claimed only additional money for her architectural services. *See attached Counterclaim that Plaintiff filed in the Superior Court.*

30. *Younger* also notes that the federal action should be dismissed where it would "unduly interfere with" the action in the Superior Court. *Younger*, 401 U.S. at 44. Here, the present action clearly interferes with the Superior Court action, because it is a blatant attempt to re-characterize Racki's pending counterclaim for architectural fees as a copyright claim. Thus, to permit the present action would undermine the authority of the Superior Court to adjudicate a claim properly before it, and would duplicate the pending action as well as Racki's counterclaim.

**D. Racki is fully protected in the pending proceeding in the District of Columbia Superior because she filed a counterclaim for additional fees for architectural services which would cover all of her monetary claims**

31. Equitable considerations support dismissal of the present action. Racki filed a counterclaim in the pending case in the District of Columbia Superior Court. That counterclaim, if successful, would cover Racki in full because it is the value that Racki herself attached to her complete architectural services.

32. According to the architectural service agreement at issue, Racki cannot claim copyright infringement for any design ideas if she has been fully compensated, because that is an implied license.

33. Thus, even if the present action is dismissed, Racki is protected to an equivalent degree by the counterclaim she filed in the District of Columbia Superior Court.

WHEREFORE, Defendants respectfully request this honorable Court to dismiss the present action.

Dated: October 7, 2005

Respectfully submitted,

By: /s/
Christopher A. Teras (D.C. #222067)
TERAS & WILDE, PLLC
1004 Pennsylvania Avenue, S.E.
Washington, D.C. 20003
202-328-1000

*Counsel for Defendants*

## ATTACHMENTS:

(1) Copy of Complaint in Meier v. Racki, filed in the District of Columbia Superior Court on December 3, 2004.

(2) Answer of Racki, filed on or about December 28, 2004.

(3) Counterclaim of Racki for architectural fees, filed in the District of Columbia Superior Court on or about December 28, 2005.

(4) Pre-trial order in the pending Superior Court action, scheduling pre-trial conference for December 13, 2005.

(5) Various invoices received by Mike Meier from Reena Racki for architectural services, showing that there is an implied license for any work. It further shows that the facts in the pending Superior Court action and the present copyright infringement action are identical.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REENA RACKI<br>d/b/a Reena Racki Associates<br>5520 Connecticut Avenue, Suite 204<br>Washington, D.C. 20015<br>　　　　*Plaintiff,*<br><br>　　　v.<br><br>MIKE MEIER<br>6525 76th Street<br>Cabin John, MD 20818<br><br>And<br><br>KIMIE NAGATA-MEIER<br>a/k/a KIMIE MEIER<br>6525 76th Street<br>Cabin John, MD 20818<br><br>And<br><br>HENDERSON L. WALKER<br>7600 Georgia Avenue, N.W.<br>Washington, D.C. 20012<br><br>And<br><br>H.L. WALKER & ASSOCIATES, P.C.<br>7600 Georgia Avenue, N.W.<br>Washington, D.C. 20012 | Civil Action No. 1:05-CV-01870 (EGS) |

### [PROPOSED] ORDER

Upon consideration of the Defendants' Motion to Dismiss based on *Colorado River*, as well as *Younger/Pennzoil*, it is on this _____ day of _____, 2005 hereby:

ORDERED, that the Plaintiff's Complaint be dismissed with prejudice.

_____
Judge

12

CC:

    Howard G. Goldberg
    Michael A. Simpson
    Goldberg, Pike & Besche, P.C.
    100 S. Charles Street, Tower II
    Suite 1001
    Baltimore, MD 21201
    Attorneys for Plaintiff

    Christopher A. Teras
    TERAS & WILDE, PLLC
    1004 Pennsylvania Avenue, S.E.
    Washington, D.C. 20003
    Attorney for Defendants

14

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the above was served via ECF this ____th day of October 2005 to:

Howard G. Goldberg
Michael A. Simpson
Goldberg, Pike & Besche, P.C.
100 S. Charles Street, Tower II
Suite 1001
Baltimore, MD 21201
Attorneys for Plaintiff

Christopher A. Teras ((D.C. #222067)
TERAS & WILDE, PLLC
1004 Pennsylvania Avenue, S.E.
Washington, D.C. 20003
202-328-1000

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REENA RACKI<br>d/b/a Reena Racki Associates<br>5520 Connecticut Avenue, Suite 204<br>Washington, D.C. 20015<br>*Plaintiff,*<br><br>v.<br><br>MIKE MEIER<br>6525 76th Street<br>Cabin John, MD 20818<br><br>And<br><br>KIMIE NAGATA-MEIER<br>a/k/a KIMIE MEIER<br>6525 76th Street<br>Cabin John, MD 20818<br><br>And<br><br>HENDERSON L. WALKER<br>7600 Georgia Avenue, N.W.<br>Washington, D.C. 20012<br><br>And<br><br>H.L. WALKER & ASSOCIATES, P.C.<br>7600 Georgia Avenue, N.W.<br>Washington, D.C. 20012 | Civil Action No. 1:05-CV-01870 (EGS) |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT BASED ON *COLORADO RIVER*, AND *YOUNGER/PENNZOIL***

1

Defendants Mike Meier, Kimie Nagata, Henderson Walker and H.L. Walker and Associates, P.C., by and through counsel, hereby respectfully submit this Motion to Dismiss based the present action based on the fact that it is duplicative of an action already advanced in the District of Columbia Superior Court. *Colorado River Water Conservation District et al. v. United States*, 424 U.S. 800 (1976).

In brief, there has been litigation involving precisely the same facts in the District of Columbia Superior Court, *see Meier v. Racki*, 04ca0099232 (Judge Broderick) (filed on December 3, 2004). Plaintiff Reena Racki filed a counterclaim in that case on or about December 28, 2004, claiming additional architectural fees. She failed to plead the present copyright claim. *See attachments*. The present action should have been a compulsory counterclaim in the Superior Court.

Therefore, the present copyright infringement action should be dismissed based on *Colorado River Water Conservation District et al. v. United States*, 424 U.S. 800, 819 (1976), *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987), and *Younger v. Harris*, 401 U.S. 37 (1971).

In support of their Motion, Defendants explain the facts in more detail in the attached *Memorandum of Law in Support of Defendants Motion to Dismiss*, which is incorporated in full into this Motion.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that:

(a) Plaintiff's copyright infringement action be dismissed because it would lead to duplicative litigation and contravene federal jurisprudence in *Colorado River*, *Younger* and *Pennzoil*.

(b) Defendants be awarded attorneys based Section 505 of the Copyright Act (providing that any party, including Defendants, may request attorney's fees);

(c) Defendants be awarded such other and further relief as the Court deems just and proper.

Dated: October 7, 2005

Respectfully submitted,

By: __/s/__
Christopher A. Teras ((D.C. #222067)
TERAS & WILDE, PLLC
1004 Pennsylvania Avenue, S.E.
Washington, D.C. 20003
202-328-1000

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the above was served via ECF this ____th day of October 2005 to:

Howard G. Goldberg
Michael A. Simpson
Goldberg, Pike & Besche, P.C.
100 S. Charles Street, Tower II
Suite 1001
Baltimore, MD 21201
Attorneys for Plaintiff

4