## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Mike Meier )
5324 43rd Street NW )
Washington, DC 20015 )
)
    Plaintiff, )
)     04-0009232
    v. ) Civil Action No. _____
)
Reena Racki )
5520 Connecticut Avenue, N.W. Suite 204 )
Washington, D.C. 20015 )
)
And )
)
Reena Racki Associates )
5520 Connecticut Avenue, N.W. Suite 204 )
Washington, D.C. 20015 )
)
    Defendants )
)

## COMPLAINT FOR BREACH OF CONTRACT, RELATED CLAIMS, AND

## VIOLATIONS OF THE D.C. CONSUMER PROTECTION PROCEDURES ACT

Plaintiff Mike Meier ("Plaintiff") brings action against Defendant Reena Racki

(an architect) and Defendant Reena Racki Associates ("Defendants") for breach of

contract, unjust enrichment, fraud, conversion, breach of fiduciary duty, tortious

interference with contractual relations, as well as unfair and deceptive trade practices

under the District of Columbia Consumer Protection Procedures Act (CPPA), D.C. Code

§ 28-3901.

1



EXHIBIT
Meier
6    5/27/05

**Jurisdiction and Venue**

1.      This is an action seeking damages for breach of contract, unjust enrichment, fraud, conversion, breach of fiduciary duty, tortious interference with contractual relations, and unfair and deceptive trade practices. Further, it is based on deceptive trade practices as described in the CPPA.

2.      The Plaintiff is a private individual who is domiciled in Washington, D.C.

3.      Defendant Reena Racki provides architectural services in the District of Columbia under the assumed name of "Reena Racki Associates."

4.      This Court has jurisdiction over the civil claims under D.C. Code 11-921, as well as over the consumer protection claims under D.C. Code Section 28-3905(k)(1) [*jurisdictional provision of the* CPPA].

5.      Personal jurisdiction and venue are appropriate because both Plaintiffs and Defendant resides in the District of Columbia.

**General Allegations**

6.      Plaintiff has little knowledge about architecture and engineering and relied upon representations made to him by Defendants as reasonable, accurate, and appropriate.

7.      In July 2003, Plaintiff and his wife purchased a townhouse located at 1004 Pennsylvania Avenue, SE, Washington, D.C. ("Building"). Plaintiff bought the townhouse with plans to use it as an office.

8.      The townhouse is approximately 3,600 square feet in size and less than 18 feet wide.

9.     Plaintiff began planning for renovations to the building on or about July, 2003. To this end, Plaintiff contacted Defendants to provide the necessary architectural services.

10.     It appears that, based on Plaintiff's subsequent inquiries at the D.C. Department of Consumer and Regulatory Affairs (DCRA), that "Reena Racki Associates" is not a registered business or trade name.

11.     Upon Defendants' insistence, Plaintiff retained the services of the engineering firm Tadjer-Cohen-Edelson Associates, Inc., of Silver Spring, Maryland. The alleged engineer Defendants introduced is Mr. Sanjay Khanna. As it turned, Mr. Khanna is not a licensed engineer in the District of Columbia. *See attached certification from the D.C. Department of Consumer and Regulatory Affairs that Mr. Khanna's license expired in 1994.*

12.     Defendants, through a conspiracy with the engineering firm Tadjer-Cohen-Edelson Associates, Inc., undertook unnecessary over design, delaying the completion of the Building by approximately six (6) months, and causing the Plaintiff to incur exorbitant, unnecessary costs. Defendant's billing practices are even more outrageous: they billed for "signing documents," for the time it took to photocopy their timesheets, billed $3,000 in the month of July 2003 for "review of construction documents" when there were not any, and so forth.

13.     The design the Defendant proposed to undertake involved the construction of a massive internal metal skeleton to support the floors, requiring extensive modifications to the current structure. Implementing this plan was not only prohibitively expensive and unnecessary, but further delayed the construction plans. Furthermore,

3

Defendants repeatedly stated that Plaintiff could not obtain a demolition permit (to demolish interior, non-load bearing partitions etc. that needed to be removed) until Defendants completed all plans.

14.    In approximately January 2004, after he had been invoiced more than $80,000 by Defendants (but had yet to see any concrete construction plans), Plaintiff suspected that he was being taken advantage of. At this point, Plaintiff had been through approximately seven (7) months of incurring planning costs from the Defendants and the engineering firm. Up to this point the engineering firm had billed the Plaintiff for approximately $14,000 worth of useless engineering services. Final design plans and/or construction documents were never received from the Defendants.

15.    After Plaintiff discovered he had been defrauded by the Defendants and the engineering firm, Plaintiff immediately terminated any relations with the Defendants and hired a new architect, H.L. Walker & Associates, P.C. ("Walker").

16.    Within one (1) week [meaning five (5) work days] of meeting with the new architect for the first time, Plaintiff had his demolition permit in hand, allowing him to begin the renovation work.

17.    In approximately six (6) weeks, Walker completed engineering and architectural planning for the townhouse, a task Defendant was unable to complete despite seven (7) months of billable time and more than $80,000 in bills.

18.    Total billed cost by Walker including all architectural, planning, and engineering services was approximately $20,000 *including* complete plans, supervision of construction and all necessary permits. In comparison, total billed costs by the Defendants and the conspiring engineering firm was approximately $111,000 *not*

4

*including* any supervision or even a finalized architectural plan. Defendants never completed any building plans or permit drawings.

19.    The engineering firm with whom Defendants conspired benefited handsomely, billing approximately $28,000 in total. Their front man, Mr. Sanjay Khanna, is not even licensed in the District of Columbia. The actual engineering costs, after the conspiring engineers were discharged, were $1,500.

20.    Plaintiff detrimentally relied upon the representations made by Defendants as to the required work at the townhouse. Defendants were aware that the welfare of Plaintiff's business was dependent upon accurate estimates of planning, time and costs for construction of the Building.

21.    Delays caused by the Defendant have had a direct impact on the Plaintiff's business by leaving Plaintiff without an office for almost one year.  Without an office, Plaintiff's ability to run his business was severely handicapped.  This has caused Plaintiff incalculable damages in the form lost customers and efficiency.

22.    Plaintiff is not the only victim of Defendants' machinations. Other victims include Paul Wapner, a professor at American University, who was recently duped in similar ways and brought lawsuit against Defendant Reena Racki. Mr. Wapner will be one of the witnesses in this case.


### Count I

### Fraud

23.    Plaintiff realleges and incorporates paragraphs 1-22 of this Complaint as if fully set forth herein.

5

24. Defendants made fraudulent and materially false representations to Plaintiff concerning condition of the building and procedures necessary to bring the Building within the standards of the D.C. Code. In particular, Defendants fraudulently claimed that a demolition permit could not be obtained without their completed plans, and that an elaborate interior steel structure was required for the building.

25. These misrepresentations directly caused the Plaintiff to undertake unnecessary procedures, and overcompensate the Defendants for services rendered.

### Count II

### Unjust Enrichment

26. Plaintiff realleges and incorporates paragraphs 1-25 of this Complaint as if fully set forth herein.

27. The Defendants charged more than was reasonably necessary to complete the tasks requested by the Plaintiffs and purposely overcharged the Plaintiff for services rendered. Defendants charged approximately $86,000 for architectural services and never even completed the construction documents.

### Count III

### Conversion

28. Plaintiff realleges and incorporates paragraphs 1-27 of this Complaint as if fully set forth herein.

29.     By overcharging the Plaintiff for architectural services, the Defendants received funds that Defendants had not earned, essentially taking funds that are lawfully those of the Plaintiff and turning them into assets of the Defendants.

## Count IV

### Breach of Fiduciary Duty

30.     Plaintiff realleges and incorporates paragraphs 1-29 of this Complaint as if fully set forth herein.

31.     Defendants became an agent of the Plaintiff, therefore owing the Plaintiff a fiduciary duty.

32.     By making misrepresentations to the Plaintiff and converting his funds, the Defendants breached their fiduciary duty to the Plaintiff.

33.     As an architect, Defendants are subject to strict Professional Regulations and a Code of Ethics imbuing them with a fiduciary duty to clients to be honest and fair. The Defendants breached this duty by making misrepresentations to the Plaintiff.

## Count V

### Tortious Interference with Contractual Relations

34.     Plaintiff realleges and incorporates paragraphs 1-33 of this Complaint as if fully set forth herein.

35.     By intentionally stalling the completion of the plans, the Defendants interfered with Plaintiff's contracts with other parties involved in the renovation of the Building, including the contractor who was to undertake the necessary work.

## Count VI

## Unfair and Deceptive Trade Practices

### (D.C. Consumer Protection Procedures Act, D.C. Code § 28-3901)

36.     Plaintiff realleges and incorporates paragraphs 1-35 of this Complaint as if fully set forth herein.

37.     By making material misrepresentations to the Plaintiff, the Defendant engaged in an unfair and deceptive trade practice in violation of the D.C. Consumer Protection Procedures Act (CPPA), D.C. Code §28-3901.

38.     In particular, Defendants alleged that their services have certain benefits that were allegedly necessary for the townhouse. That was not the case, and Defendants thus violated CPPA § 28-3904(a).

39.     Defendant Reena Racki held herself out as a larger and experienced business "Reena Racki Associates," when in fact no such a business is registered in the District of Columbia. Thus, Defendants violated CPPA § 28-3904(b).

40.     Defendants misrepresented material facts that had a tendency to mislead, such as that no work at the townhouse could begin without Defendants' completed plans, and that the building needed an elaborate interior steel structure. Defendants thus violated CPPA § 28-3904(e).

41.     Defendants falsely claimed that the architectural services were needed to the full extent they represented. Comparing the total of approximately $86,000 billed by Defendants to the actual costs of approximately $20,000 that Plaintiff incurred after discharging Defendants, that was false. Thus, Defendants violated CPPA § 28-3904(j).

42.    Defendants knew that Plaintiff would not be able to benefit from the services and over-design that Defendants endorsed. Thus, Defendants violated CPPA § 28-3904(2).

43.    Defendants grossly overbilled Plaintiff (compare Defendants' bills for approximately $86,000 to the actual bills of the new architect, Mr. Walker, who charged approximately $20,000 to complete the project from scratch). Defendants thus violated CPPA § 28-3904(3).

44.    In fraudulently misrepresenting the scope of necessary work, especially the elaborate interior steel structure for the less-than-18-foot-wide townhouse, Defendants shamelessly took advantage of Plaintiff's lack of knowledge about construction and architecture, and thus violated CPPA § 28-3904(5).

## Count VII

### Breach of Contract

45.    Plaintiff realleges and incorporates paragraphs 1-44 of this Complaint as if fully set forth herein.

46.    Through materially misrepresenting the condition of the building and the required work, estimated costs and construction time, indulging in extravagant and unnecessary design features, purposefully delaying completion of tasks with intent to harm, and general malfeasance, the Defendants breached the contract with the Plaintiff.

47.    Defendant's breach of contract caused the Plaintiff to pay the Defendants more than was reasonably necessary to complete the architectural tasks assigned to Defendants.

48.    In addition, Defendants' breach has caused unnecessary delay in the construction of Plaintiff's new office.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court award:

(a)    consequential damages for costs incurred because of delays by Defendant;

(b)    actual damages in the amount of $56,000, the amount that was paid to Defendants, as well as $7,200 that was paid to the engineering firm with whom the Defendants conspired;

(c)    treble damages of $189,600.00, as permitted by Section 28-3905(k)(1) of the D.C. Consumer Protection Procedures Act (CPPA);

(d)    punitive damages as appropriate;

(e)    an injunction against the use of unlawful trade practice, as permitted by Section 28-3905(k)(1)(D) of the D.C. Consumer Protection Procedures Act (CPPA);

(f) damages as it sees fit for losses to Plaintiff's business that were a direct consequence of Plaintiff not having an office; and

(g)    other damages and relief as it deems appropriate.


Respectfully submitted,


Mike Meier
5324 43rd Street, NW
Washington, DC 20015

## JURY DEMAND

Plaintiff demands trial by jury.

Mike Meier
5324 43rd Street, NW
Washington, DC 20015

\* \* \*

I do solemnly declare and affirm, under the penalty of law, that the contents of the foregoing document are true and correct to the best of my knowledge, information and belief.

Sincerely,

Mike Meier