# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| MIKE MEIER | : |
|     Plaintiff, | : |
| v. | : Civil Action No.: 04ca009232 |
| | : Calendar No.: 10 |
| REENA RACKI, et al. | : Judge Broderick |
| | : Next Event: Initial Scheduling Conference, |
|     Defendants. | :     3/4/05 at 9:30 A.M. |

## ANSWER TO COMPLAINT

COME NOW Defendants Reena Racki and Reena Racki Associates, by counsel, and for their Answer to the Complaint for Breach of Contract, Related Claims, and Violation of the D.C. Consumer Protection Procedures Act filed by Plaintiff Mike Meier herein, state as follows:

1. Paragraph 1 contains legal conclusions and characterizations as to which no response is required. To the extent any response is required, the allegations of paragraph 1 are denied.

2. Defendants lack knowledge sufficient to admit or deny the allegations of paragraph 2, and the same are therefore denied.

3. As for the allegations of paragraph 3, Defendants admit that Reena Racki provides architectural services in the District of Columbia and that the name "Reena Racki Associates" appears on certain documents. All other allegations of paragraph 3 are denied.

4. Paragraphs 4 and 5 contain legal conclusions and characterizations as to which no response is required. To the extent any response is required, the allegations of paragraphs 4 and 5 are denied.

5. Defendants lack knowledge sufficient to admit or deny the allegations of paragraphs 6, 7, and 8, and the same are therefore denied.

6. As to the allegations of paragraph 9, Defendants admit that the Plaintiff contacted Reena Racki in July of 2003. Defendants lack knowledge sufficient to admit or deny the other allegations of paragraph 9, and the same are therefore denied

7. Defendants lack knowledge sufficient to admit or deny the allegations of paragraph 10, and the same are therefore denied.

8. Defendants deny the allegations of paragraphs 11, 12, 13, 14, and 15.

9. Defendants lack knowledge sufficient to admit or deny the allegations of paragraphs 16, 17, 18, and 19, and the same are therefore denied.

10. Defendants deny the allegations of paragraphs 20, 21, and 22.

11. In response to the allegations of paragraph 23, Defendants incorporate their responses to paragraphs 1 through 22 as though fully set forth.

12. Defendants deny the allegations of paragraphs 24 and 25.

13. In response to the allegations of paragraph 26, the Defendants incorporate their responses to paragraphs 1 through 25 as though fully set forth.

14. Defendants deny the allegations of paragraph 27.

15. In response to the allegations of paragraph 28, the Defendants incorporate their responses to paragraphs 1 through 27 as though fully set forth.

16. Defendants deny the allegations of paragraph 29.

17. In response to the allegations of paragraph 30, the Defendants incorporate their responses to paragraphs 1 through 29 as though fully set forth.

18. Defendants deny the allegations of paragraphs 31, 32, and 33.

19. In response to the allegations of paragraph 34, the Defendants incorporate their responses to paragraphs 1 through 33 as though fully set forth.

20. Defendants deny the allegations of paragraph 35.

21. In response to the allegations of paragraph 36, the Defendants incorporate their responses to paragraphs 1 through 35 as though fully set forth.

22. Defendants deny the allegations of paragraphs 37, 38, 39, 40, 41, 42, 43, and 44.

23. In response to the allegations of paragraph 45, the Defendants incorporate their responses to paragraphs 1 through 44 as though fully set forth.

24. Defendants deny the allegations of paragraphs 46, 47, and 48.

25. Defendants deny each and every allegation of the Complaint that has not been expressly admitted.

26. Defendants deny that Plaintiff is entitled to any of the relief sought.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint is barred by the consent of the Plaintiff.

## THIRD DEFENSE

The Complaint is barred by the doctrine of estoppel.

## FOURTH DEFENSE

The Complaint is barred by the Statute of Limitations.

## FIFTH DEFENSE

The Complaint is barred by the doctrine of waiver.

## SIXTH DEFENSE

The injuries and damages of the Plaintiff, if any, are the result of acts or omissions of persons over whom these Defendants had no control or right of control.

## SEVENTH DEFENSE

The Complaint is barred by Plaintiff's failure to mitigate damages.

## EIGHTH DEFENSE

Defendant Reena Racki Associates is not a proper party to this suit.

## NINTH DEFENSE

The complaint is barred because the project was for business use as an office.

## TENTH DEFENSE

The Defendants reserve the right to assert any additional defenses which may arise as discovery progresses.

WHEREFORE, Defendants Reena Racki and Reena Racki Associates request that this Court dismiss the Complaint for Breach of Contract, Related Claims, and Violations of the D.C. Consumer Protection Procedures Act with prejudice and award to the Defendants the cost of this action, including attorney's fees, and such other and further relief as this court deems just and proper.

Respectfully submitted,

LEE & McSHANE, P.C.

By: _____
Arthur T. K. Norris, Esquire, D.C. Bar No. 438907
1211 Connecticut Avenue, N.W.
Suite 425
Washington, D.C. 20036
(202) 530-8100
(202) 530-8105 (fax)
*Counsel for Defendants Reena Racki
and Reena Racki Associates*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Answer to Complaint was mailed, postage pre-paid, on this 28th day of December, 2004 to:

| | |
|---|---|
| Mike Meier<br>5324 43rd Street, N.W.<br>Washington, DC 20015<br>*Plaintiff Pro Se* | <br><br>_____<br>Arthur T. K. Norris |