**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| REENA RACKI | * |
|     Plaintiff | * |
| v. | *   Civil Action No.: 05-CV-1870 (EGS) |
| MIKE MEIER, et al. | * |
|     Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**FOR COPYRIGHT INFRINGEMENT BASED ON**
***COLORADO RIVER* AND *YOUNGER/PENNZOIL***

Plaintiff, Reena Racki, by her undersigned counsel, files this Opposition to the Motion to Dismiss Plaintiff's Complaint for Copyright Infringement pursuant to Local Rule 7(b), and states in further support:

**I.      Introduction**

In their Motion to Dismiss (the "Motion"), which is completely devoid of merit, Defendants request that the Court dismiss Plaintiff's Complaint for Copyright Infringement under "federal abstention" principles because Plaintiff and the lead Defendant, Mike Meier, are involved in a separate, but related suit, in the Superior Court for the District of Columbia (hereinafter the "Superior Court case"). The Motion, however, overlooks two simple, yet crucial, facts that require this Court to rule against Defendants' frivolous request:

    1.      Copyright infringement claims are within the "exclusive" jurisdiction of the federal courts and, therefore, cannot be brought as a claim or counterclaim in a state court. 28 U.S.C. § 1338(a).

    2.      Plaintiff's damages for breach of contract in the Superior Court case and for copyright infringement in this case are completely distinct.

**II.    Background**[1]

Defendants Mike Meier and Kimie Nagata-Meier (hereinafter the "Meier Defendants") purchased a historic townhouse in Southeast Washington, D.C. in 2003. (*See* Compl. ¶ 2.)  The structure was already being used for commercial purposes and Mr. Meier's primary intent was to renovate and modernize the structure for continued commercial use by his law firm (hereinafter "the project").

On or about July 2, 2003, Plaintiff and Defendant Mike Meier entered into an American Institute of Architects ("AIA") B-155 Standard Form of Agreement Between Owner and Architect for a Small Project.  The AIA B-155 Agreement states that Plaintiff retains all rights, "including the copyright," to the construction documents she created for the Meier Defendants to design the project. (Compl. ¶5.)

From the outset, Mr. Meier proved to be a difficult client for Plaintiff because, among other things, he routinely demanded changes to Plaintiff's architectural drawings and product specifications.  In addition, the project was particularly challenging because of the requirements to preserve historic aspects of the Meier Defendants' building while modernizing it to comply with the District building codes for safety and commercial use.  Thus, the project required a lot of work from Plaintiff and her associates.

---

[1] The factual background provided by Defendants' in their Motion, at 2-4, is unsupported by Affidavit or any facts that they have otherwise shown to be admissible.  Thus, in ruling on Defendants' Motion, the Court should confine itself to comparing Plaintiff's copyright infringement claim with her counterclaim for breach of contract in the Superior Court case.  A review of these two separate pleadings reveals that the two actions are anything but "duplicative," as Defendants argue.

In any event, though the "spin" that the Defendants place on their version of the facts in the Motion should be disregarded at this initial pleading stage, to address that "spin" and give the Court a clearer view of the facts supporting **this case**, Plaintiff responds with the minimal factual record necessary to address Defendants' unsupported facts.

2

By November 2003, Plaintiff had generated a set of architectural drawings for the purpose of obtaining the necessary approval of her project design concepts from the District of Columbia Historic Preservation Office. With Plaintiff's direct involvement, the D.C. Historic Preservation Office approved her design concepts, meaning that the Meier Defendants could proceed with obtaining permits for the project. (Compl. ¶7 & Ex. A thereto.)

Mr. Meier terminated Plaintiff's services in January 2004, just days before Plaintiff would have finished her drawings for submission to the District for permitting. The last set of drawings Plaintiff did complete, which are attached as Exhibit B to the Complaint, only required a few additional changes to bring the design to completion. (Compl. ¶¶ 8, 10.) At that time, Mr. Meier had not paid $26,211 in fees for work performed by the Plaintiff. (Defs.' Mot. Ex. C.)

After terminating Plaintiff, Mr. Meier hired Defendant Henderson Walker, the principal owner of Defendant H. L. Walker & Associates, Inc. (hereinafter "the Walker Defendants") to complete the design. (Compl. ¶10.) Though Defendants state in the Motion, at 4, that Mr. Walker "start[ed] from scratch," Mr. Meier has admitted in the Superior Court case that he obtained Plaintiff's drawings from his engineering firm for the project, which he provided to Mr. Walker. Mr. Walker admitted that he then used Plaintiff's drawings as the basis for his own drawings. (*See* M. Meier Dep. at 213, Pl.'s Ex. A; Walker Dep. at 40-41, 83-84, Pl.'s Ex. B.)

Plaintiff initially had no knowledge of the Defendants' infringement of her drawings. Thus, when Mr. Meier filed the Superior Court case, Plaintiff filed only her Counterclaim for breach of contract against Mr. Meier for the $26,211.00 he had failed to pay her. Discovery commenced and Plaintiff took the depositions of Mr. Meier and Mr. Walker.

At his deposition, Mr. Walker produced, among other things, his drawings for Mr. Meier's renovation project. Mr. Walker's drawings were substantially

3

similar to Plaintiff's drawings.  (Compl. ¶11.)  As noted, Mr. Walker also admitted during his deposition to the use of Plaintiff's architectural drawings.  Thus, it was around this time that Plaintiff first discovered that Mr. Walker had stolen her design concepts.

Plaintiff later confirmed the Defendants' infringement of her drawings during an Entry on Land conducted at the Meier Defendants' building in the Superior Court case.  Thus, after obtaining the registration for her architectural drawings and assuring herself that Defendants had in fact infringed on her design concepts, Plaintiff filed this suit, which seeks the pecuniary losses she suffered as a result of the infringement, i.e., losses **in addition to** her unpaid fees from Mr. Meier, as well as **a disgorgement of profits** by the Meier and Walker Defendants.  (Compl. ¶13.)

### III.     Analysis

Though Defendants fail to distinguish the precedents they cite in the Motion, they essentially ask the Court to dismiss this case on two different abstention doctrines: (1) "*Younger* abstention" and (2) the *Colorado River* "exception" to federal jurisdiction.

*Younger* abstention has absolutely **no application** to this case.  *Younger* and its progeny all govern one distinct situation – when a party seeks to restrain a State, on federal question grounds, from proceeding with some form of enforcement against that party in a State tribunal.  *See Younger v. Harris*, 401 U.S. 37, 38-39, 91 S. Ct. 746, 747-48 (1971); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 6-7, 107 S. Ct. 1519, 1523 (1987); *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 429, 102 S. Ct. 2515, 2519-20 (1982); *JMM Corp v. District of Columbia,* 378 F. 3d 1117, 1119-20 (D.C. Cir. 2004).  These cases clearly are not applicable to this case because Plaintiff does

not seek injunctive relief to avoid or stay the Superior Court case. (*See* Compl. ¶13.) Defendants fail to mention this analysis in their Motion.

Further, in each of the cases cited by Defendants, the federal courts abstained because, *inter alia*, each of the state tribunals provided means for the federal plaintiffs to raise their federal question challenge to the State's actions. *See Pennzoil Co.*, 481 U.S. at 15-16, 107 S. Ct. at 1528; *Middlesex County Ethics Comm.*, 457 U.S. at 435-36, 102 S. Ct. at 2523; *Younger*, 401 U.S. at 49, 91 S. Ct. at 753; *JMM Corp.,* 378 F.3d at 1128. As noted, in this case, the D.C. Superior Court does not provide any means for Plaintiff to prosecute her copyright infringement claim against Defendants because that claim is within the "exclusive" jurisdiction of federal courts. 28 U.S.C. § 1338(a). As this Court has stated before, when a state proceeding "is unable to provide the maximum relief sought, then dismissing or staying the proceeding [under *Younger*] is inappropriate." *Ford v. Tait*, 163 F. Supp. 2d 57, 65-66 (D.D.C. 2001) (section 1983 case). Thus, on the merits of the test set forth in *Younger*, *Younger* abstention does not apply in this case because there are no means in the D.C. Superior Court for Plaintiff to prosecute her exclusively federal claim.

Plaintiff is also not entitled to relief under *Colorado River Water Conservation District v. United States*, which created a federal jurisdiction "exception" to defer to state tribunals based on "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." 424 U.S. 800, 817, 96 S. Ct. 1236, 1246 (1976). The circumstances in which this exception is available, however, are "considerably more limited than the circumstances appropriate for abstention." Thus, a deferment under *Colorado River* should be applied only in "exceptional" circumstances. *Id.* at 818, 96 S. Ct. at 1246. Further, the balance of the *Colorado River* test is "heavily weighted in favor of the exercise of jurisdiction."

5

*Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.2d 346, 353 (D.C. Cir. 2003) (cited by Defendants).

In this case, the same reasoning applies to *Colorado River* that applies to *Younger* abstention. Here, the Court **must** exercise jurisdiction over Plaintiff's copyright infringement claims against the Defendants because those claims are exclusively with the jurisdiction of this Court.[2] 28 U.S.C. § 1338(a). In fact, the United States Courts of Appeals in at least three other circuits have held that a federal district court **cannot abstain** when a claim before it is within the court's exclusive jurisdiction. *Minucci v. Agrama*, 868 F.2d 1113, 1115 (9th Cir. 1989) (a district court "has no discretion to stay proceedings as to claims within *exclusive* federal jurisdiction under the wise judicial administration exception"); *Medema v. Medema Builders, Inc.*, 854 F.2d 210, 213 (7th Cir. 1988) (same); *Andrea Theatres, Inc. v. Theatre Confections, Inc.* 787 F.2d 59, 62 (2nd Cir. 1986) (*Colorado River* "abstention is clearly improper when a federal suit alleges claims within the exclusive jurisdiction of the federal courts.") As the *Andrea Theatres* Court noted:

> [A]bstention would run counter to Congress' determination, reflected in grants of exclusive federal jurisdiction, that federal courts should be the primary forum for handling such claims. The grant of such jurisdiction could be severely hampered if federal courts exercised discretionary power to await the outcome of related state court proceedings.

787 F.2d at 63 *quoted in Medema*, 854 F.2d at 213 (alteration in original).

---

[2] In fact, contrary to Defendants' argument, Plaintiff could not bring her copyright infringement claim as a compulsory counterclaim because a counterclaim cannot be the basis for federal question jurisdiction. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-32, 122 S. Ct. 1889, 1893-94 (2002). Thus, Plaintiff could not have, as an alternative, filed a counterclaim and removed the D.C. Superior Court case to this Court on the basis of its exclusive jurisdiction over copyright suits.

*Colorado River* is also inapplicable because the different federal and state claims at issue in Defendants' Motion do not conflict or overlap as to the legal issues and damages involved.[3]  Defendants' assertion to the contrary is simply incorrect.  (*See, e.g.,* Defs.' Mot. at 5.)  In the Superior Court case, Plaintiff sues Mr. Meier for her unpaid professional fees.  (Defs.' Mot. Ex. C)  In this case, Plaintiff sues Mr. Meier **and three additional Defendants** for pecuniary losses resulting from their copyright infringements, plus a disgorgement of their profits from the infringement.  *Compare* 17 U.S.C. § 504(b) *with* Compl. ¶13.  These damages are inherently distinct and exclusive of one another and involve different parties.  Accordingly, there is no valid reason for this Court to defer its jurisdiction in favor of the D.C. Superior Court case because the two cases are mutually exclusive of one another.

---

[3]  As noted above, Mr. Meier's right to use Plaintiff's copyrighted drawings is governed by an AIA contract between the parties, which required written permission to reuse or permit the re-use of those drawings.  *See* AIA Contract, Pl.'s <u>Ex. C</u>, at Art. 3, p.2.)  Section 204 of the Copyright Act also prevents the transfer of a copyright without a writing signed by the copyright owner.  17 U.S.C. § 204(a).

Defendants' Motion, at 10, argues nonetheless that Defendants, including the Walker Defendants, would have an "implied license" to the copyright of Plaintiff's drawings if Plaintiff succeeds on her breach of contract claim in the Superior Court case.  This is incorrect because an implied license is not based on compensation.  An implied license is created by operation of law and occurs when "(1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes the particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work."  *Atkins v. Fischer*, 331 F.3d 988, 992 (D.C. Cir. 2003).

Defendants Motion, at 3, states that Plaintiff "never delivered any building plans to Mike Meier."  Thus, based on Defendants' version of the facts, the second element necessary to create an implied license does not exist.  Further, it is obvious that (1) only Mr. Meier, not any other Defendant, requested the creation of Plaintiff's drawings and (2) Plaintiff would never have intended for the Meier Defendants to permit the Walker Defendants to re-use her drawings.

### IV. Conclusion

Defendants' Motion is nothing more than a desperate attempt to delay this case in the wake of their tacit admissions in the Superior Court case that they infringed Plaintiff's copyright to her architectural drawings. *Younger* and *Colorado River* clearly do not apply to the Court's exercise of jurisdiction over Plaintiff's exclusive federal claim for copyright infringement. Thus, the Motion to Dismiss should be denied.

Respectfully submitted,

Date: October 24, 2005

*/s/Michael A. Simpson*
Howard G. Goldberg (Bar No. 392070)
Michael A. Simpson (Bar No. 455459)
Goldberg, Pike & Besche, P.C.
100 S. Charles St., Tower II
Suite 1001
Baltimore, Maryland 21201
(410) 539-1004

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of October 2005, a copy of the foregoing Opposition to Motion to Dismiss Plaintiff's Complaint for Copyright Infringement, the attached Exhibits, and the Proposed Order were sent via ECF or, in the alternative, via facsimile to:

Christopher A. Teras, Esq.
Teras & Wilde, PLLC
1004 Pennsylvania Avenue, S.E.
Washington, D.C. 20003

*Attorneys for Defendants*

*/s/Michael A. Simpson*
Michael A. Simpson