Christopher A. Teras ((D.C. #222067)
TERAS & WILDE, PLLC
1004 Pennsylvania Avenue, S.E.
Washington, D.C. 20003
202-328-1000

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REENA RACKI<br>d/b/a Reena Racki Associates<br>5520 Connecticut Avenue, Suite 204<br>Washington, D.C. 20015<br>          *Plaintiff,*<br><br><br>     *v.*<br><br>MIKE MEIER<br>6525 76th Street<br>Cabin John, MD 20818<br><br>And<br><br>KIMIE NAGATA-MEIER<br>a/k/a KIMIE MEIER<br>6525 76th Street<br>Cabin John, MD 20818<br><br>And<br><br>HENDERSON L. WALKER<br>7600 Georgia Avenue, N.W.<br>Washington, D.C. 20012<br><br>And<br><br>H.L. WALKER & ASSOCIATES, P.C.<br>7600 Georgia Avenue, N.W.<br>Washington, D.C. 20012 | Civil Action No. 1:05-CV-01870 (EGS) |

## RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT

Defendants Mike Meier, Kimie Nagata, Henderson Walker and H.L. Walker and Associates, P.C., by and through counsel, hereby respectfully submit this Response to Plaintiff's Opposition to Motion to Dismiss the present action.

In essence, Plaintiff alleges that federal courts have exclusive jurisdiction over copyright matters. That is no longer the case after *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 122 S.Ct. 1889, 153 L.Ed. 2d 13 (2002).

In addition, the Indiana Supreme Court, in *Green v. Hendrickson Publishers, Inc.*, 770 N.E.2d 784 (Ind. 2002), held: "We conclude that a copyright counterclaim is not subject to the exclusive jurisdiction provision of section 1338, and the authorities stating that such a claim 'could not have been filed in the state court' are no longer prevailing federal law ..."


**I. BACKGROUND**

This case arose out of the failed architectural services that Plaintiff provided to Defendant Mike Meier. Mike Meier retained Plaintiff to provide necessary services for the renovation of a town home on Capitol Hill, in Washington, D.C., that he and his wife, Kimie Nagata, had acquired. The town house was previously owned by the Congressional Black Caucus Foundation, who had conducted a study on how to possibly combine the town home with two adjacent ones to expand their office space. Mike Meier provided those architectural drawings, including the foot print and floor plans of the town house, to Plaintiff to facilitate her work.

Plaintiff never produced the necessary architectural drawings to file for a building permit. She never delivered any drafts of permit drawings to Mike Meier. <u>After seven</u>

<u>months, without having received any permit drawings, still without a permit to start the</u> <u>renovation of the town house, and having been billed in excess of $84,000.00 (eighty four</u> <u>thousand dollars)</u>, Mike Meier discharged Plaintiff and hired another architect, Mr. H.L. Walker.

Mike Meier subsequently filed action in the Superior Court of the District of Columbia against Plaintiff, largely based on the District of Columbia Consumer Protection Procedures Act. Plaintiff counterclaimed for the unpaid balance for her alleged architectural services. Plaintiff could have counterclaimed for copyright infringement as a compulsory counterclaim, as explained below.

Despite the fact that Mike Meier's payments to Plaintiff constitute an implied license to use any drawings – had he ever received any drawings from Plaintiff – Plaintiff brought this copyright infringement action. Mike Meier cannot have infringed the architectural drawings because he never received them from Plaintiff.


## II. ARGUMENT

The *Younger* abstention and the *Colorado River* exception to federal jurisdiction in fact apply to this case based on the U.S. Supreme Court's holding in *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* and the subsequent applications.

The U.S. Supreme Court held in *Holmes* (involving a patent matter) that Federal Circuit jurisdiction may not be based on allegations in a counterclaim alone. Note that 28 U.S.C. § 1338(a) refers to patent and copyright matters. In particular, the Supreme Court held that Federal Circuit jurisdiction may not be based on a counterclaim for patent infringement where the complaint only alleged Lanham Act and state law violations.

The Indiana Supreme Court then applied *Holmes* in *Green v. Hendrickson Publishers, Inc.*, 770 N.E.2d 784 (Ind. 2002). *Green* held, specifically, that under *Holmes*, state courts may decide copyright counterclaims that arise out of preempted contract claims.

*Green* involved a dispute between a publisher and its authors. The publisher sued the authors in state court for payments, and the authors counterclaimed for copyright infringement. After the case was removed to federal court, the district court remanded because federal jurisdiction cannot be based on counterclaims. The Indiana Supreme Court concluded that the contract claims were preempted. Since the preemption ruling requires that the contract claim be treated as a copyright claim, the issue became whether such a copyright claim could be decided by a state court.

The Indiana Supreme Court concluded that *Holmes* permits state courts to properly entertain jurisdiction for copyright counterclaims. The Court squarely held that *Holmes* requires it to reject the federal authorities stating or implying that a state court may not entertain a counterclaim under patent or copyright law.

Specifically, the Court held: "We conclude that a claim of breach of covenant not to reproduce a copyrighted writing appears to be preempted by federal copyright law Although such a claim asserts rights under the Copyright Act, it may be asserted as a counterclaim in a state court and is not within the exclusive jurisdiction of the federal courts." *Green at 784*. The only basis for concluding that a state court may not entertain patent or copyright counterclaims is the exclusive jurisdiction conferred by Section 1338 over "any civil action arising under" that patent or copyright laws. A counterclaim under those laws does not fall within that language.

The Indiana Supreme Court did not differentiate *Holmes* because it was a patent case. Section 1338(a) addresses both patent and copyright matters. Copyright and patent jurisdictions are identical at the district court level. Thus, *Holmes* also controls copyright cases.

The American Bar Association essentially supports the *Green* interpretation of *Holmes*. "*Holmes Group* appears to expand the role of state courts in patent matters. Interpreting Section 1338 to apply only to those cases in which patent matters arise in the well-pleaded complaint or in which consideration of a substantial question of patent law is necessary to decide one or more claims means that state courts may hear patent matters that arise in compulsory counterclaims." *Status Report On Developments Relating To The Jurisdiction of the United States Court of Appeals for the Federal Circuit, Holmes Group Task Force Intellectual Property Committee Section of the American Bar Association, January 2004, page 31.*

## III. CONCLUSION

As for the facts, Plaintiff brought a frivolous copyright infringement action because she cashed in $58,000, thus granting an implied license. However, she never, ever delivered any permit drawings which could have been infringed.

As for the law, this is a matter that Plaintiff should have asserted in the Superior Court for the District of Columbia where an action is pending against her. She failed to do so.

Therefore, this copyright infringement case should be dismissed.

Dated: November 7, 2005

Respectfully submitted,


By:    _____
       Christopher A. Teras ((D.C. #222067)
       TERAS & WILDE, PLLC
       1004 Pennsylvania Avenue, S.E.
       Washington, D.C. 20003
       202-328-1000

       *Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the above was served via ECF this _7__ th

day of November 2005 to:


Howard G. Goldberg
Michael A. Simpson
Goldberg, Pike & Besche, P.C.
100 S. Charles Street, Tower II
Suite 1001
Baltimore, MD 21201
Attorneys for Plaintiff